IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HILTON LAWRENCE BROWN,                    No. C-09-5864 TEH (PR)

        Plaintiff,

    v.                                        ORDER OF DISMISSAL

MICHAEL SAYRE, M.D., et. al.,

        Defendant(s).
_____/

        Plaintiff, a prisoner presently incarcerated at Calipatria State Prison, has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 against various officials of the California Department of Corrections and Rehabilitation for alleged violations of his constitutional rights.  Doc. #1.  Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.  Doc. #9.

        The Prison Litigation Reform Act of 1995 ("PLRA"), which was enacted, and became effective, on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date."  <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1312 (9th Cir. 1997).

To say that Plaintiff is a frequent litigant in federal court and that his past filings fail to state a claim upon which relief may be granted are gross understatements.  For more than two decades, Plaintiff has filed, and federal courts - not only throughout the state of California but across the entire United States - have dismissed summarily, Plaintiff's numerous civil actions.[1]  Recently, in response to a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 in the United States District Court for the Central District of California, the Chief Judge of that court observed:

> [T]he Court is unable to determine from the [original petition and first amended petition]: (1) what exactly Petitioner is attempting to address in his Petition; (2) what relief he is seeking; (3) what grounds for relief he is alleging; (4) what the relevant procedural history is; or (5) whether Petitioner is even attempting to challenge a state court judgment. . . .
>
> This is not the first instance where

---

[1] According to PACER's U.S. Party/Case Index, as of April 12, 2010, Plaintiff has filed 159 civil actions in the United States courts.

2

> Petitioner has been unsuccessful in his attempt to litigate in federal court. On June 2, 2006, this Court dismissed a § 2254 petition filed by Petitioner for failure to comply with [Federal Rules of Civil Procedure] Rule 8. (*See* CM/ECF CV 05-8602-ABC (OP) Dkt. No. 21.) On October 25, 2000, this Court entered an order summarily dismissing another § 2254 petition filed by Petitioner. (*See* CM/ECF CV 00-10719-ABC (AN) Dkt. No. 3.) In that order, the Court noted that the petition was "substantially incomprehensible" and that Petitioner "has in the past been (and apparently in other courts continues to be) a prolific filer." *Id.*; *see also Brown v. Ayers*, 221 F.3d 1347 (9th Cir. 2000) (table) (affirming district court's order finding petitioner subject to 28 U.S.C. § 1915(g)).[2]

See *Brown v. Jacquez*, No. CV 09-9168-ABC (OP), 2010 WL 475995 at *1-2 (C.D. Cal. filed Dec. 14, 2009). Regrettably for Plaintiff, this Court, too, is unable to decipher Plaintiff's filings in the instant civil rights action.

---

[2] "The Court also notes that in the original petition filed in case number CV 05-8602, Petitioner attached a July 11, 2002[] order from the Northern District of Texas in which a civil rights complaint filed by him was summarily dismissed in the case entitled *Hilton Lawrence Brown v. Internal Revenue Service, et[.] al.,* 3-02-CV 1031-H. In that order, the court noted that Petitioner "has a 14 year history of filing frivolous lawsuits in federal courts throughout the United States" and cited to at least ten cases that were dismissed under 28 U.S.C. § 1915(e) or its predecessor statute, 28 U.S.C. § 1915(d). *See Brown v. Ayers*, 221 F.3d 1347, 2000 WL 539602 (9th Cir. May 3, 2000) (citing 28 U.S.C. § 1915(g));  *Brown v. Office of the Clerk, Los Angeles Federal Court*, 865 F.2d 263, 1988 WL 141539 (9th Cir. Dec. 21, 1988); *Brown v. Ayers*, 185 F.3d 873, 1999 WL 1334523 (10th Cir. Jun. 28, 1999); *Brown v. Solicitor General of the United States*, 1997 WL 411667 (D.C. Cir. Jul. 8, 1988); *Brown v. Solicitor General* , No. 1-96-CV-2432 (D. D.C. Oct. 25, 1996); *Brown v. IRS*, No[.] 4-96-CV-0508 (E.D. Mo. Mar. 13, 1996); *Brown v. Clinton*, 4-95-CV-1957 (E.D. Mo. Dec. 21, 1995); *Brown v. Clinton*, No. 4-95-CV-0683 (E.D. Mo. Apr. 28, 1995); *Brown v. Bureau of Prisons*, 1994 WL 248231 (N.D. Cal. May 19, 1994); *Brown v. People of the District of Columbia*, No. l-94-CV-0532 (D . D.C. Mar. 15, 1994): *Brown v. Marshall*, 1993 WL 300061 (N.D. Cal. Jul. 23, 1993)."

1 | Because Plaintiff has had three or more prior dismissals
2 | of civil actions on the grounds either that they were frivolous,
3 | malicious or failed to state a claim upon which relief may be
4 | granted, and because he is not under imminent danger of serious
5 | physical injury, Plaintiff's request for leave to proceed in forma
6 | pauperis is DENIED.  <u>See</u> 28 U.S.C. § 1915(g).  This action is
7 | DISMISSED without prejudice to Plaintiff filing a new Complaint
8 | accompanied by the full filing fee.  The Clerk is directed to
9 | terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED    04/13/10

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.09\Brown-09-5864-dismissal.wpd

**4**